I must respectfully dissent in this matter for two significant reasons. The majority states that "* * * the trial court presumably found that appellant had no interest in the disputed property." There is no such finding in the court's entry. I am unwilling to make such a critical assumption when conducting appellate review of a one-page judgment entry. The document says what it says. There is no mention anywhere in the order appealed from which addresses ownership interest in the real property in question. Standing alone the judgment entry simply cannot be reviewed. It is not the province of this court to speculate as to what the trial court judge was attempting to convey.
Secondly, the opinion of the majority is flawed in its reasoning. A husband and wife acquired a piece of property in 1957, and at the time of their divorce in 1965, the trial court ordered that it would remain in both of their names until the wife made other arrangements. The court further held that they would share equally in retiring the $13,500 mortgage "* * * and upon sale or disposal of said real estate any and all profits realized from said sales shall be divided equally between Lydia Hosler and Robert Hosler." There is nothing ambiguous or difficult about that entry. Even the simplest of understandings, however, can be made difficult given enough time. Forty years after the property waspurchased, in 1997, Mrs. Hosler died. The property was still in both of their names. That fact, standing alone, clearly demonstrates that the parties readily acknowledged that this was indeed "their" property.
The record suggests that Mr. Hosler did not fulfill his obligations to pay half of the $13,500 mortgage. The majority somehow concludes that this failure acted as a forfeiture of his interest in the property. The law in Ohio does not support such a proposition. At best, the husband owes the remainder of the mortgage payment to the estate of the wife. There has been no forfeiture here. This case is a simple reverse and remand to calculate the ownership interests of the parties.